Swaine v. Miller.

FREDERICK SWAINE, Respondent, v. JULIUS MILLER, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. Benefit Society: BY-LAW AUTHORIZING SUSPENSION OF LOCAL UNION WITHOUT NOTICE: VALIDITY. A provision of the by-laws of a benefit society, authorizing its general president to suspend any local union for any violation of the constitution or laws of the general society, by consent of a majority of the general executive board, thereby forfeiting the charter and affecting the property rights of the union, without providing for notice to the offending order, was unreasonable and void.

2. ———: ———: JURISDICTION. In such case the society is without jurisdiction, and its action will be set aside by the courts.

3. ———: RIGHT OF PRESIDENT OF LOCAL UNION TO SUE. A resolution of an unincorporated local union of a benefit society instructing its president to demand and receive of its treasurer the money of the union, and, in case the treasurer failed to pay it over, to take the necessary steps to protect its rights, gave him the right to sue for such failure.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Sturdevant & Stear* for appellant.

Voluntary associations are left to enforce their own rules, without any interference from the courts. *State v. Odd Fellows' Grand Lodge*, 8 Mo. App. 154; *People v. Board of Trade*, 80 Ill. 136.

When, however, the property rights of members are involved, the courts will look into the regularity of the proceedings under which such associations act, and will pass upon the reasonableness of a by-law providing for expulsion. 5 Am. and Eng. Ency Law, 688, and citations; *Pitcher v. Board of Trade*, 13 N. E. Rep. (Ill.) 187; *People v. Board of Trade*, 45 Ill. 112; *State v. Odd Fellows' Grand Lodge, supra; Mulroy v. Supreme Lodge*, 28 Mo. App. 463; *Commonwealth v. Union League*, 135 Pa. St. 327.

But courts will not assume jurisdiction of matters of expulsion until all recourse to the tribunals of the association itself has been exhausted. 22 Am. and Eng. Ency Law, 18, and citations; *Keefe v. Women's Catholic Order*, 44 N. E. Rep. (Ill.) 401; *Mulroy v. Supreme Lodge, supra*.

The charter, constitution and by-laws to which the members assented and subscribed, constitute the contract between the local union, its members, and the brotherhood. In dealing with property rights in these societies, the courts will confine themselves strictly to the terms of the contract which they have made and assented to. *Mulroy v. Supreme Lodge* and *State v. Grand Lodge, supra*.

Under the laws of the United Brotherhood, the general president and general executive board had the right to suspend Local Union 4, and to recall its charter, and the courts can not review such action. *State v. Grand Lodge, supra; Altman v. Benz*, 27 N. J. Eq. 331, *Chamberlain v. Lincoln*, 129 Mass. 70.

*John B. Dempsey* for respondent.

The plaintiff's authority to maintain the action is fully established. *Phipps v. Jones*, 20 Pa. St. 260; 59 Am. Dec. 708; *Kuhl v. Meyer*, 35 Mo. App. 206; *Id.*, 42 Mo. App. 474; *Id.*, 50 Mo. App. 648.

The section of the constitution permitting the general president to suspend a local union is an arbitrary power, and has the effect of depriving the members of such union of their property without notice or hearing, and is unreasonable, and therefore void. *Wachtel v. Widows, etc., Society*, 84 N. Y. 28; *Loubert v. Leroy*, 40 Hun. (N. Y.) 546; *Otto v. Tailor's Ass'n*, 17 Pac. Rep. 217; Morawetz on Corp., ch. 495, *et seq.*; *Erd v. Bavarian Ass'n*, 34 N. W. Rep. (Mich.) 555; *Fritz v. Muck*, 72 How. Pr. 72. And this is true, although the association be unincorporated. Bacon, Ben. Soc. and Life Ins., art. 98, p. 115; *Id.*, art. 85, p. 100; Leach's Club Cases, pp. 18–47.

A by-law which provides for a forfeiture without notice or opportunity to be heard is void. Bacon, Ben. Soc., art. 85, p. 101. See, also, *Mulroy v. Knights of Honor*, 28 Mo. App. 469, and citations.

Even should it be held that the authority vested in the general president to suspend local unions is a reasonable provision, it could only be exercised honestly, without fraud, bias, or personal hostility. *Lambert v. Addison*, 46 Law Times, 20; *Gardner v. Freemantle*, 19 W. R. 256.

BIGGS, J.—This is an action for the conversion of money. It originated before a justice of the peace, where the plaintiff obtained a judgment. The defendant appealed to the circuit court, where on a trial *de novo* the plaintiff was again successful. The defendant has again appealed to this court.

The plaintiff is the president of an unincorporated society, known as Local Union Number 4 of the United Brotherhood of Carpenters and Joiners of America. At the time of the alleged conversion the defendant was the treasurer of the local union. It is averred in the complaint that in accordance with the rules of the union it was the duty of the defendant to keep the funds entrusted to him as such treasurer in the vaults of the St. Louis Safe Deposit Company, subject only to be drawn out by consent of the union and upon orders signed by its president and secretary; that on the second day of December, 1895, the defendant wrongfully and unlawfully withdrew from the St. Louis Safe and Deposit Company $357, being the funds of the union, and that he appropriated the money to his own use. It is also averred that at a subsequent meeting of the union held on the sixteenth day of December, 1895, a resolution was passed authorizing and instructing the plaintiff as president of the union to receive and demand of the defendant the money of the union, and in the event he failed to pay over, the plaintiff was authorized to take the necessary legal steps to protect the rights of the union. The main defense is that the money sued for was lawfully paid by the defendant to the general secretary-treasurer of the United Brotherhood of Carpenters and Joiners of America. The right of the plaintiff to sue was also denied.

The instruction given at the instance of the plaintiff states all of the material facts, and concerning which there is no dispute under the evidence. It is as follows:

"The uncontroverted evidence in this case discloses the following facts: Local Union Number 4 is a voluntary association of carpenters, and as such is a

member of the 'United Brotherhood of Carpenters and Joiners of America;' the governing body of this latter association is composed of a president, secretary, etc., and a 'General Executive Board,' which administers its affairs in the interim between the biennial sessions of the convention. This body has appellate jurisdiction in all appeals submitted to them in legal form by the various local unions or their members. Prior to the filing of this suit, the plaintiff Fred Swaine was, by a resolution of said Local Union Number 4, made the custodian of its funds. In the city of St. Louis a 'district council' exists, which is composed of delegates from the various local unions, but said district council has no jurisdiction to try members or local unions for violations of the laws of the association at large. This district council, prior to the dates of the controversy herein, undertook to try Local Union Number 4 upon charges preferred against it for an alleged violation of the general laws of the United Brotherhood, etc." Union Number 4 made no defense, but appeared and objected to and denied the jurisdiction of said 'district council' to try it or its members upon the charges preferred. Said 'district council,' notwithstanding the plea, undertook to hear the evidence in the case, and found Union Number 4 guilty of the charges preferred. From this decision Number 4 appealed to the 'general executive board,' and said board sustained the plea to the jurisdiction, and then, without notice to the officers or members of Local Union Number 4, and without giving said union or its members an opportunity to be heard in their defense, did, on the seventeenth day of July, 1895, order the said Union Number 4 to expel certain of its members, and to pay the sum of $70 to the treasurer of the said District Council not later than August 30, 1895. '

"That Union Number 4 did not obey this order for the reason that its president, secretary and other members had been restrained by an injunction issued out of the St. Louis circuit court, from expelling the members designated by the general executive board, and from interfering with any of their property rights in said association. The defendant Miller was fully aware of the issuance of said injunction, and that the same was in full force and effect at the time he withdrew the funds of said Union Number 4 from the safe deposit vault and sent them away, the funds in question being the property of the said Local Union Number 4 and its members having the right and title thereto. That prior to the ninth day of December, 1895, the general executive board and general president suspended Union Number 4 for its failure to obey its orders of July 17, 1895, and that said notice of suspension was served upon the said Local Union Number 4 on the evening of the ninth day of December, 1895. That prior to the decree of suspension above referred to, E. C. Cattermull and Joseph Gernet, both members of the said general executive board, were made parties defendant in said injunction proceeding and were duly served with summons therein.

"That on or about the second day of November, 1895, defendant Miller, without the sanction of the said Local Union Number 4, and without an order signed by the president and secretary of said union, as provided for by its by-laws, withdrew the funds of said local union from the repository selected by the union for their safe keeping, and afterward, to wit, on the ninth and tenth days of December, 1895, sent said funds to the secretary of the general executive board, who has retained them since, and that by reason thereof Local Union Number 4 has been deprived of said funds.

Swaine v. Miller.

"Upon this state of facts the court instructs that the by-laws offered in evidence, authorizing the general president to suspend local unions, and under which said officer acted in suspending Local Union Number 4, was null and void, as providing for a forfeiture of the property rights of the members thereof without notice, and without an opportunity to be heard and make defense. And the act of defendant Miller, in withdrawing said funds and sending the same away as above set forth, amounted in law to a conversion of said funds, and the verdict and finding must be for the plaintiff for the sum of $339.78, together with interest at the rate of six per cent per annum from January 23, 1896, to date, amounting together to $355."

The by-laws (numbers 21 and 53) referred to in the foregoing instruction, and which the circuit court held to be invalid, are as follows: "He (the general president) shall have power to suspend any local union for any violation of the constitution or laws of the United Brotherhood, by consent of a majority of the general executive board.

BENEFIT society: by-law authorizing suspension of local union without notice: validity.

"Any local union which willfully or directly violates the constitution or principles of this United Brotherhood, or acts in antagonism to its welfare, can be suspended by the general president by and with the consent of the general executive board." Under the rules of the union an order of suspension, such as was promulgated in this case, has the effect of forfeiting the charter of the local union, and of confiscating its property. Section 51 of the constitution provides in substance that if a local union be suspended, "all property, books, charter and funds held by, or in the name of, or on behalf of, said local union, shall be forwarded immediately by express to the general secretary-treasurer to be held in safe keeping by him." It is under

this section that the defendant undertook to justify his action in withdrawing the funds of the local union from the depository. The order of the general president suspending the local union recites that the act of suspension was in accordance with by-law number 21, *supra*, and for a violation of the provisions of section 53, *supra*, in that it failed to obey the order of the general executive board of date July 17, 1895, by which the union was directed to expel certain of its members and to refund certain money solicited from the business men of the city, and which it was alleged had been expended in riotous living. It seems that the members who were· to be expelled had composed a committee for getting up some kind of an entertainment, and that they had solicited funds from the business men of the city to pay the expenses. It was charged that the money was diverted by the union and the committee and was used in a manner that was calculated to bring reproach upon the order. What is known as the "district council," is a body composed of a limited number of delegates from the various local unions of the city. The council assumed the right to try the union and the committee for the alleged offense. The parties appeared and raised the question of jurisdiction. The point was ruled against them, and they thereupon refused to enter upon a trial of the merits.

On their appeal to the general executive board, that body decided that the district council had no jurisdiction whatever of the case. Notwithstanding this, the board proceeded to pronounce judgment upon the *ex parte* evidence taken before the district council, and upon that evidence it found the local union guilty, and thereupon the order of July 17 was issued.

Coming now to the legal aspect of the case, we are of the opinion that the views of the circuit court, as

expressed in plaintiff's instruction, were right under the evidence. Section 21, *supra*, of the laws of the order makes no mention of notice to the offending order. In so far as it authorizes action without such notice, it is in our opinion unreasonable and void, for the reason that action under it forfeits the charter of the local union, and affects its property rights. 1 Bacon, Ben. Soc., sec. 85, and authorities cited. In the case of *Mulroy v. K. of H.*, 28 Mo. App. 463, this court decided that a by-law which authorized the expulsion of a member of the society without notice was void, for the reason that the judgment thereunder would affect the property rights of the member. The Knights of Honor is a fraternal-beneficial society, with an insurance feature. So in this case the evidence is uncontradicted that the money here in question, and which the defendant contends was forfeited by the order of suspension, was the property of the local union, and was collected by it from its members for the purpose of paying hall rent and the other incidental expenses of the union.

It is insisted by the defendant that Local Union Number 4 should have appealed from the decision of the general executive board to the general convention of the order, which body convenes every two years, and that this remedy should have been exhausted before resorting to the courts for redress. Section 36 of the laws of the order provide for this remedy. In all cases in which it has been held that the remedy provided within the order itself must be pursued, the society has acted within the legal scope of its powers. Where it has acted without jurisdiction and property rights have been affected, the courts have not hesitated to set aside the action. *Mulroy v. K. of H.*, pp. 468, 469, 470, and authorities

JURISDICTION.

cited.   The right of the plaintiff to sue
**Right of president of local union to sue.** is settled by the various opinions in the case of *Kuhl v. Meyer*, 35 Mo. App. 206; 42 Mo. App. 474; 50 Mo. App. 648.

The judgment will be affirmed.   All concur.