[S. F. No. 2593.   Department Two.—September 18, 1903.]

CATHERINE SCHOU, Administratrix of Estate of P. J. Schou, Deceased, Respondent, v. SOTOYOME TRIBE, No. 12, IMPROVED ORDER OF REDMEN OF CALIFORNIA, Appellant.

BENEVOLENT ORDER—SICK BENEFITS OF INSANE MEMBER—VIOLATION OF RULES—JURISDICTION OF COURT.—Although, as a general rule, one who has become a member of a benevolent order, is not entitled to appeal to the  courts for redress until after he has adopted the lawful procedure and exhausted the lawful remedies prescribed by the constitution and by-laws of the order; yet where sick benefits were sought on behalf of an insane member by his wife as guardian of his person and estate, and the order violated its own laws, in not giving her any notice or opportunity to produce testimony in behalf of her husband before an adverse decision against him in the order, and on appeal to the great council, the court has jurisdiction to hear and determine the merits of the controversy.

ID.—MERITS OF CONTROVERSY—FORFEITURE OF RIGHTS BY INTEMPERANCE —CONFLICTING EVIDENCE—APPEAL.—Where, upon the merits of the controversy, the question whether the insane member had forfeited his right to sick benefits by intemperance was determined by the court sitting as a jury, upon conflicting evidence, in favor of the plaintiff and adversely to the order, its finding is conclusive upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Davis Louderback, for Appellant.

The member must exhaust all remedies within the order and upon appeal to the superior authorities therein, which was not done in this case.   This action was begun before the great council had rendered its decision affirming the action of the tribe.   (*Oliver* v. *Hopkins,* 144 Mass. 175; *Poultney* v. *Bachman,* 31 Hun, 49; *Robinson* v. *Templar Lodge,* 117 Cal. 370, 375, 376;[1] *Levy* v. *Magnolia Lodge,* 110 Cal. 297; *Walsh* v. *Cosumnes Tribe,* 108 Cal. 496; *Robinson* v. *Irish-American*

[1] 59 Am. St. Rep. 193, and note.

*Benevolent Society*, 67 Cal. 135; *Thomas* v. *Musicians' Mutual etc. Union*, 121 N. Y. 56; *White* v. *Brownell*, 2 Daly, 329; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Kercher* v. *Superior Lodge Knights of Honor*, 137 Mass. 368, 372; *Harrington* v. *Workingmen's Benevolent Assn.*, 70 Ga. 342.)

John S. Partridge, and Harris & Hess, for Respondent.

The court sat as a jury on the question of the cause of insanity, and its finding is conclusive upon appeal. (*Wheeler* v. *Hays*, 3 Cal. 284.) Testimony as to the habits of the insane person as to intoxication by persons not intimate with him, however positive, is not entitled to equal weight with less positive testimony of others founded on a more extensive acquaintance. (*Insurance Co.* v. *Foley*, 105 U. S. 350; 6 Rose's U. S. Notes, 299.) Forfeitures are not favored in law. (*Millard* v. *Legion of Honor*, 81 Cal. 345.) Evasions and lack of compliance of the order with its own laws excuse a member from exhausting his remedies within the order. (*White* v. *Brownell*, 2 Daly, 329; *Carlen* v. *Drury*, 1 Ves. & B. 159.)

HENSHAW, J.—This action was to recover sick benefits alleged to be due P. J. Schou, who was a member of the defendant tribe and order. This appeal is from an order denying defendant's motion for a new trial.

The defendant is a subordinate tribe or lodge of the Improved Order of Redmen of California. It is subordinate to, and under the jurisdiction and control of, the great council of the state of California, and over the great council of the state of California, as the supreme head and source and origin of all legitimate authority, is the great council of the United States. The constitution and by-laws of defendant provide for weekly or sick benefits, when a member is disabled by sickness or accident from earning his livelihood, providing such sickness or disability did not originate from "intemperance or immoral conduct." It is further provided that "All laws, rules, and regulations providing for the granting of sick, funeral, and other benefits, or of any aid, relief, assistance, or wampum to any brother, widow, orphan, or other person are not intended, and shall not be construed to confer upon or secure to any brother, widow, or orphan, or any per-

son, any right to enforce the granting or payment of the same by a resort to the courts of law, but, on the contrary, all questions relative to the granting, payment, or refusal of the same appertain solely to the tribe, the great. council and the authorities of the order, and their decision in the premises shall be binding and final upon all brothers, widows, orphans, and persons.'' Bringing suit in any of the civil courts of the state against the tribe for the redress of any grievance, the adjudication of which is provided for within the order is made an offense for which the member may be tried and punished by reprimand, fine, suspension, and expulsion. It is further provided that ''should any person feel aggrieved at the action of a tribe for failing to pay benefits that may be claimed to be due, such person must appeal from such action by giving the tribe notice thereof within twenty suns after said action; whereupon the sachem shall without delay appoint a suitable member of the order as a commissioner to take such testimony as either party may offer in relation to the case.''

Subsequent sections provide for the taking of testimony before this commissioner, in the presence of the party and counsel, and notice of the action of the tribe on the testimony and appeal by claimant from the tribe's action thereon, within ''twenty suns'' thereafter. This last-mentioned appeal is the one which it is contemplated shall be taken before the great council of the state, whose determination shall be final and conclusive until reversed upon appeal by the great council of the United States.

Schou was a member in good standing, and became insane on the fourth day of September, 1897, and remained in that condition up to the time the complaint was filed, December 1, 1898, and thereafter until his death a year later. His condition was immediately made known to his tribe, and on the sixteenth day of September the medicine-man reported that he was incapacitated. On the 23d of the same month, the sachem ruled that he was not entitled to sick benefits, the reason given being that Schou's insanity was due to the excessive use of alcoholic stimulants. No notice of this decision was given to Mrs. Schou or to any one on Schou's behalf. Mrs. Schou, it appears, kept in communication with the tribe during the following months and made a number of demands for information and redress. In the March following she

presented a communication from responsible business men, stating that they had known her husband intimately and that he was not addicted to drink, and asked for the appointment of a committee to investigate the case. In April, her attorneys, Messrs. Harris & Hess, wrote to the defendant and requested information as to the plaintiff's position, but no attention was paid to their letter. In May, Mrs. Schou demanded the payment of benefits and received no reply. Thereafter she was informed by the tribe that "she would have to take the case before the great sachem." In response to this, her attorneys wrote to the great sachem asking him for information as to the proper procedure, and were by the great sachem informed simply that he had no jurisdiction in the matter. Finally, Mrs. Schou's attorneys gave the tribe notice of an appeal "to the great sachem and great council," and sent an appeal to the great council, but, so far as she or her attorneys were advised, neither the tribe nor the great council paid any attention to these appeals. No commissioner was appointed to take evidence, no "ten suns" notice, nor any notice at all, was given, nor was Schou, nor Mrs. Schou upon his behalf, ever allowed to present any evidence. In this condition of affairs, not knowing whether or not she was to be allowed to prosecute her appeal, or if it would be entertained by the great council of the state, and having had no opportunity at all to present her evidence as to Schou's right to the sick benefits, and Schou being still insane, she, in his name, as guardian of his person and estate, prosecuted this action, and upon his subsequent death—she having been appointed administratrix of his estate—was substituted as plaintiff herein.

It is the general rule that one who has become a member of a benevolent order such as this is entitled to appeal to the courts for redress only after adopting the procedure and exhausting the remedies prescribed by the constitution and by-laws of the order,—provided, of course, these regulations and by-laws are not violative of the law. The decisions upon this point are numerous and uniform. From our own state it is sufficient to cite *Levy* v. *Magnolia Lodge,* 110 Cal. 297, and *Robinson* v. *Templar Lodge,* 117 Cal. 370.[1] It is urged

[1] 59 Am. St. Rep. 193, and note.

against the jurisdiction which the trial court took of this case that the plaintiff did not exhaust, and had not exhausted, the remedies provided by the order before making an appeal to the courts; and as this is obviously the truth, as appears from a reading of the foregoing statement of facts, it must result that the trial court was without jurisdiction, unless a compliance upon the part of the plaintiff with the rules of the order was either waived by the order itself or excused by its own conduct. That plaintiff was relieved from further compliance, or attempt at compliance, with the regulations and procedure of the order touching appeals, we think, is perfectly clear. The member was insane. His wife, on his behalf, was seeking the relief which the regulations of the order contemplated should be given. It cannot justify its refusal to grant that relief in the face of the showing that the opportunity to present his case and have a fair determination of it upon the merits was denied to plaintiff by the very conduct of the order itself. At the outset neither Schou nor any one on his behalf was given notice that the sachem had ruled that he was not entitled to benefits. The "twenty suns" time for appeal could not begin to run in the absence of such notice. Later, Mrs. Schou asked for the appointment of a committee to investigate the case of her husband. However inartificially this demand was made, it was sufficient to have called for that action upon the part of the tribe which its constitution and by-laws specify. It was the equivalent of an appeal from the ruling of the sachem; and the tribe, as its by-laws prescribe, should have designated the commissioner who should have given the "ten suns" notice, and have enabled Mrs. Schou, on behalf of her insane husband, to have appeared with counsel and offered her testimony. Nothing of this was done, and later, when Mrs. Schou, who might well have been embarrassed to understand the terminology and symbolical language of the constitution and by-laws,—"sachems," "medicine-men," "suns," "moons," "great suns," "corn moons," and the payment of "wampum,"—gave notice that "she would take the case before the great sachem," she was put off with the scant information that the great sachem had no jurisdiction. Finally, when she takes her appeal to the great council,—which appeal was seem-

ingly regularly enough taken, since the great council entertained it,—she was given no notice that the appeal would be entertained, was given no notice to appear before the great council or a commissioner and offer her testimony, and in fact never knew that the appeal had been entertained, until after a decision by the great council against her husband's claim had been handed down.  Before an order can hold a member to strict observance of its rules regulating procedure on appeal it must show that in all matters touching his substantial rights it has itself observed these regulations, and this the defendant did not do.  Its dereliction in this regard excuses a claimant from exhausting his remedy within the rules of the order.  (*White* v. *Brownell*, 2 Daly, 329; 4 Abb. Pr., N. S., 162; *Carlen* v. *Drury*, 1 Ves. & B. 154.)  It is only upon such compliance with its own regulations that the defendant acquires the right to invoke the above-quoted provisions forbidding a member or other claimant from seeking the aid of the instituted courts for relief.  The courts themselves are willing—nay, more than willing—that all such vexatious questions should be determined within the order itself, and they will never be found unduly swift in taking jurisdiction.  But, upon the other hand, they will never refuse their aid to one whose substantial rights are suffering at the hands of a benevolent association through violence done by that association itself to its own prescribed rules.

In thus disposing of the jurisdictional question little remains to be added.  Upon the merits of the controversy, the question, namely, whether Schou had forfeited his right to sick benefits by intemperance, the court, sitting as a jury, upon conflicting evidence, found in favor of plaintiff, and that finding is here conclusive.

The order appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.