[S. F. No. 10170. In Bank.—May 18, 1923.]

ROGELIO TABOADA et al., Respondents, v. SOCIEDAD ESPANOLA DE BENEFICENCIA MUTUA (a Corporation), et al., Appellants.

[1] FRATERNAL SOCIETIES — EXPULSION OF MEMBERS — SUSPENSION OF BY-LAWS—RIGHT TO HEARING AND TRIAL.—Where the by-laws of a mutual benefit fraternal society provide that every charge against a member for violating rules of the society shall be made in writing, setting out precisely the nature of the offense with which he is charged, and that he shall be furnished with an ex-

---

1. Conclusiveness of decision of tribunal of mutual benefit society expelling a member, note, 52 L. R. A. (N. S.) 806.

act copy of said accusation, that the accusation shall be referred
to a committee of members, elected by the society, which shall
issue summons and proceed to try the case, after the accused
shall have had a certain time to prepare his defense, and that
during all the proceedings he shall be entitled to have a member
of the society represent him as his attorney, this procedure can-
not be circumvented by suspension of these by-laws and the ex-
pulsion of members without hearing.

[2] Id.—Proceeding to Restore Expelled Members—Pleading.—In
a proceeding in *mandamus* to compel restoration of members of
a mutual benefit fraternal society who have been illegally ex-
pelled, although the complaint does not show any connection
between the causes of action of any of the plaintiffs, where it
was shown upon the trial that all of the plaintiffs were, as one
joint body, by one joint vote, as one joint act, expelled from
the society, and that upon the validity and binding effect of that
one act depends the right of each of the plaintiffs to the relief
sought, the case being tried upon this theory, and it does not
appear that the defendants were deceived by the claimed defect
in the pleading or placed at a disadvantage in preparing and
presenting their defense, and it is clear that a right result was
·reached, under section 475 of the Code of Civil Procedure and
section 4½ of article VI of the constitution, no miscarriage of
justice having resulted, the error, if any, of the trial court in
overruling a demurrer to the complaint cannot be availed of to
secure a reversal of the judgment.

[3] Id.—Evidence—Members in Good Standing.—In such a proceed-
ing, where on the trial it was stipulated that the petitioners were
members of the society in good standing on the date of the at-
tempted expulsion, and that they had thereafter tendered their
dues, which had been refused, this, in the absence of a contrary
showing by ·defendants that they had forfeited their rights, was
sufficient to show that the plaintiffs had continued to be mem-
bers in good standing and were on the date of the filing of the
petition entitled to a restoration of the privileges appertaining
thereto, and it was not necessary that petitioners should antici-
pate the defense of the defendants by alleging the insufficiency
and illegality of the expulsion proceedings.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Troutt,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell P. Tyler and Arthur Brand for Appellants.

O. M. Goldaracena and J. J. Paulsell for Respondents.

LENNON, J.—This is a proceeding in *mandamus* wherein the plaintiffs sought and secured a writ of mandate, directed to and commanding the defendants, the appellants here, to permit the plaintiffs, respondents here, as members in good standing of the Sociedad Espanola De Beneficencia Mutua, free access to all of the meetings of said society, and further directing and commanding that the said defendants place upon the roster of membership of said society the names of said plaintiffs as members in good standing and entitled to all of the rights and privileges of such members.

The pleaded and practically undisputed facts of the case are these:

The plaintiffs were at one time members in good standing of the fraternal organization hereinbefore mentioned. The said organization is a mutual benefit society carrying the usual fraternal features of death and sick benefits, organized, created and existing as a corporation under the laws of the state of California. Each of the defendants named herein is an officer of the said society. Said plaintiffs were prevented by force, at the hands of the defendants, from attending and being present at the meetings of said society and the names of said plaintiffs were expunged from the membership roll of said society. The plaintiffs later applied for reinstatement as members in good standing of said society, but were refused, and there is no tribunal, board nor committee of said society to which the plaintiffs may appeal for the redress of their grievance.

Upon the hearing in the court below the defendants introduced in evidence an entry made in the minutes of a meeting held on June 24, 1921, which was to the effect that pursuant to the provisions of section 72 of the constitution, by a two-thirds vote of the members present, the by-laws were suspended, and thereupon, without hearing, the plaintiffs were, by a *viva voce* vote, ordered expelled from membership in the society.

The governing rules and laws of the organization are embodied in a constitution, by-laws, and statutes. Sections 24, 26, 27, and 28 of the by-laws, which, it is claimed by defendants, were suspended "pursuant to the provisions of

section 72 of the constitution," provide for the trial of members of the society charged with having violated any of the rules of the society and the method of determining and imposing the penalty. Briefly stated, these sections provide that every charge against a member shall be made in writing setting out precisely the nature of the offense with which he is charged; that he shall be furnished with an exact copy of said accusation; that the accusation shall be referred to a committee of five members, who shall be elected by the society, and which shall issue summons and proceed to try the case. It is further provided that the accused shall have two weeks to prepare for his defense; that during all of the proceedings he shall be entitled to have a member of the society represent him as his attorney and that if the penalty is provided in the constitution and by-laws the president shall enforce the same, but if the penalty is not designated, the society itself shall decide upon it by secret ballot and the penalty of expulsion cannot be imposed unless a majority of two-thirds votes for that penalty.

Section 72 of the constitution prohibits any amendment of the constitution and statutes except in cases of necessity and in that event only at a meeting and by a vote of two-thirds majority of the members present. Obviously, this provision of the society's constitution having reference, as it does, only to an amendment of the constitution and statutes has no relevancy to the right to amend the by-laws. It is in the by-laws that the provisions providing for a trial of the members, hereinbefore set out, are contained. The right to amend the by-laws, therefore, if any such right be provided, must be found in some other provision of the governing rules of the society.

Section 37 of the by-laws provides that "the by-laws may be altered or amended by giving one week's notice in writing of the alteration or amendment proposed, except that any of the by-laws or any part of them may be suspended by a vote of two-thirds of the members present."

At first blush this section furnishes the authorization necessary and renders proper the procedure followed by the society in the instant case. But this section does not and cannot have, we think, the efficacy claimed for it by the defendants.

Undoubtedly the purpose of sections 24, 26, 27, and 28 of the by-laws, attempted to be suspended under the authority of section 37 of the by-laws, was to protect and preserve the rights of the members against arbitrary action and to preclude the rights of the members being jeopardized by passion and prejudice.

[1] This purpose cannot be circumvented by the easy device of suspending the by-laws providing such safeguards. This right to a fair and impartial trial, contemplated and seemingly guaranteed by these sections, is not a mere pretense or shadow, but a real substantial, enforceable right. It is a fundamental principle of justice that no man may be condemned or prejudiced in his rights without an opportunity to make his defense. This rule is not confined alone to courts of justice and strictly legal tribunals, but is applicable to every tribunal which has the power and authority to adjudicate questions involving legal consequences. And a society acting upon the expulsion of a member is a *quasi*-judicial body and its hearing is a *quasi*-judicial hearing. (*Otto* v. *Tailors' P. & B. Union,* 75 Cal. 308 [7 Am. St. Rep. 156, 17 Pac. 217].) The proceedings of the society, in order to be regular and legal, in effect, must, therefore, provide for notice to the accused and afford him an opportunity to be heard. (*Fay* v. *Supreme Tent, Knights of the Maccabees of the World,* 38 Misc. Rep. 427 [77 N. Y. Supp. 994, 996].)

Indeed, it has been held that even though the by-laws expressly provide for the expulsion of a member without a trial such a provision is void and an expulsion in pursuance of such a by-law is not binding. (*Ludowiski* v. *Benevolent Society,* 29 Mo. App. 337; *People ex rel. Schmitt* v. *Saint Franciscus Benevolent Society,* 24 How. Pr. (N. Y.) 216, 221; *Berkhout* v. *Supreme Council Royal Arcanum,* 62 N. J. L. 103 [43 Atl. 1].) And, surely, if a member is entitled of right to a notice of hearing and an opportunity to be heard in his own defense, a right of which he cannot be deprived, notwithstanding the fact that a by-law of the society provides for the expulsion of a member without trial, the same result cannot be accomplished by the simple device of temporarily suspending those sections of the by-laws which provide for a trial.

It has been held that in the absence of by-laws covering the subject that a member is entitled to a fair trial after due notice and that the procedure in such cases is to be analogous to ordinary judicial proceedings so far as necessary to render substantial justice. (*People* v. *Alpha Lodge,* 13 Misc. Rep. 677 [35 N. Y. Supp. 214, 218]; *Wachtel* v. *Noah Widows & Orphans' Ben. Soc.,* 84 N. Y. 28 [38 Am. Rep. 478]; *Simmons* v. *Syracuse,* 56 Hun, 645 [10 N. Y. Supp. 293, 294]; *Fritz* v. *Muck,* 62 How. Pr. (N. Y.) 69, 74.) In *Von Arx* v. *San Francisco Gruetli Verein,* 113 Cal. 377, 379 [45 Pac. 685, 686], this court said: "Where there are no by-laws, a court will inquire whether or not an expelled member has had a reasonable notice of the proceeding which resulted in his expulsion and a fair opportunity of presenting his defense in accordance with general principles of law and justice." Upon the suspension of the by-laws the society in the instant case was temporarily in the situation of being without by-laws covering and controlling the action which they were about to take, and this situation being identical with those cases in which no by-laws had been provided is to be governed by the same rules.

The minutes of the society introduced in evidence show that the plaintiffs did not have a fair trial or any trial at all. In the absence of such a trial and opportunity of being heard, the plaintiffs herein were not legally expelled.

[2] Even though it be conceded that the demurrer should have been sustained upon the ground of misjoinder of parties plaintiff in this, that no allegation appears in the complaint of any fact or facts showing or tending to show the slightest causal connection between the causes of action of any of the plaintiffs, nevertheless the facts developed upon the trial of the case showed that all of the plaintiffs were, as one joint body, by one joint vote, as one joint act, expelled from the society. Upon the validity and binding effect of that one act, therefore, depends the right of each of the plaintiffs to the relief sought. The case was tried upon this theory and this point put in issue by the evidence is determinative of the rights of all of the petitioners. It does not appear that the defendants were deceived by the claimed defect in the pleading nor that they were thereby placed at a disadvantage in preparing and presenting their defense. It is clear that a right result was reached and

under the provisions of section 475 of the Code of Civil Procedure and the requirements of the provisions of section 4½ of article VI of the constitution, no miscarriage of justice having resulted, the error, if any, of the trial court in overruling the demurrer, cannot be availed of to secure a reversal of the judgment. (*Atlas Development Co.* v. *National Surety Co.*, 190 Cal. 329 [212 Pac. 196].)

In *Pleasant School Tp.* v. *Fultz* (Ind. App.), 137 N. E. 60, the court, applying a statute similar in effect to the provisions of the above-cited sections of the code and constitution, held that "no objection taken by demurrer and overruled shall be sufficient to reverse the judgment if it appear from the whole record that the merits have been fairly tried and determined." And in *Davis* v. *Hunter* (Ind. App.), 138 N. E. 785, the same court held that wherever a complaint might have been amended, on motion in the trial court, so as to conform to the evidence admitted without objection, the court would on appeal deem the amendment to have been made.

[3] Before the plaintiffs were entitled to the relief prayed for, it was incumbent upon them to prove that they were, on the date of the filing of their petition, members in good standing in the society. On the trial it was stipulated by the opposing counsel that the petitioners were members in good standing on June 24th, the date of the attempted expulsion, and that they had thereafter tendered their dues, which had been refused. This, in the absence of a contrary showing by defendants that they had forfeited their rights, was a sufficient showing that the plaintiffs had continued to be members in good standing and were on the date of the filing of the petition entitled to a restoration of the privileges appertaining thereto. It was not necessary that petitioners should anticipate the defense of the defendants by alleging the insufficiency and illegality of the expulsion proceedings. (*Nuckolls* v. *College of Physicians etc.*, 7 Cal. App. 233 [94 Pac. 81].) The sufficiency and legality of the purported expulsion proceedings were matters of defense. The burden of the evidence showing that the plaintiffs had been legally expelled was upon the defendants. (Sec. 1869, Code Civ. Proc.; *Melone* v. *Ruffino*, 129 Cal. 514 [79 Am. St. Rep. 127, 62 Pac. 93].) This defendants failed to do.

It follows from what has been said that plaintiffs are entitled to the writ of *mandamus* restoring them to their privileges in the society.

Judgment affirmed.

Seawell, J., Myers, J., Waste, J., Lawlor, J., Kerrigan, J., and Wilbur, C. J., concurred.

Rehearing denied.