[Civ. No. 11845. First Dist., Div. Two. Dec. 12, 1941.]

T. RALPH ELLIS et al., Appellants, v. AMERICAN FEDERATION OF LABOR (an Unincorporated Association) et al., Respondents.

442

[REDACTED]

Joseph F. Di Maria for Appellants.

I. B. Padway for Respondents.

DOOLING, J. *pro tem.*—This is an appeal from an order refusing to grant a temporary injunction. The order to show cause why a temporary injunction should not issue was heard on the verified complaint and certain affidavits. The plaintiffs are members of three separate unincorporated labor unions of Santa Clara County suing in a representative capacity. The defendants, other than American Federation of Labor, are officers and representatives of that national association.

It appears from the complaint that the Central Labor Council of Santa Clara County is an unincorporated association consisting of delegates from the various local unions of Santa Clara County belonging to the American Federation of Labor, including the local unions of which plaintiffs are members; that because of the fact that two competing sets of delegates from one of the member local unions had presented themselves to the Central Labor Council that council had ordered a special election for delegates held in said local union and that one of the two sets of delegates had again been elected at such special election; that thereupon defendant Meyer Lewis as personal representative of defendant William Green, the president of the American Federation of Labor, notified the Central Labor Council at its first meeting held thereafter not to seat such delegates until he could conduct an investigation and that at such meeting the council refused to seat such delegates; that at its next meeting held one week later the council seated such delegates; that defendant Lewis had declared that if the delegates were seated he would "jerk the charter" of the Central Labor Council; that after the seating of the delegates defendants Daley and Davies removed the charter of

the Central Labor Council and that such conduct among labor bodies is commonly understood to presage and foretell a revocation of the charter of the body concerned; and that no charges have been made against the labor council or its officers, no notice of any has been given, and no opportunity afforded said council or its officers to answer any charges or to provide a hearing before taking action upon the question of revocation of its charter.

Upon the hearing of the order to show cause affidavits for both parties showed that without notice or hearing of any kind defendant Green had suspended said council and ordered that it hold no further meetings until such time as he could investigate and render a decision in the matter of its conduct in seating the delegates above referred to, and that pursuant to such order of suspension the charter had been removed.

In justification of these actions defendants cite article VI, section 6 of the Constitution of the American Federation of Labor:

"The president shall be authorized and empowered to discipline State Federations of Labor, City Central Labor Unions, and Local and Federal Labor Unions, including authority to suspend and/or expel any officer or member thereof, and/or to suspend and/or revoke their charter subject first to an appeal to the Executive Council and thereafter to the next regular convention immediately following. The President with the approval of the Executive Council shall likewise have authority and be empowered to safeguard and protect and if necessary take immediate charge of all equities and properties tangible or intangible, acquired and/or possessed by State Federations of Labor, City Central Labor Unions and Local and Federal Labor Unions or their subsidiaries or agents, whenever or however· such equities and/or properties may be jeopardized through disobedience to the constitution, laws, rules and requirements of the American Federation of Labor or for any other reason or cause deemed imperative by the President and the Executive Council, and shall hold the same in trust as provided by the laws of the American Federation of Labor."

It will be observed that this section provides for no charges, notice or hearing.     It is settled however in this state and elsewhere that a member of an unincorporated

association may not be suspended or expelled, nor a subordinate body suspended or its charter revoked, without charges, notice and a hearing, even though the rules of the association make no provision therefor. (*Taboada* v. *Sociedad Espanola,* 191 Cal. 187 [215 Pac. 673, 27 A. L. R. 1508]; *Knights of Ku Klux Klan* v. *Francis,* 79 Cal. App. 383 [249 Pac. 539]; *Grand Grove, etc.,* v. *Garibaldi Grove,* 105 Cal. 219 [38 Pac. 947]; Id. 130 Cal. 116 [62 Pac. 486, 80 Am. St. Rep. 80]; *Supreme Lodge, etc.,* v. *Los Angeles Lodge,* No. 386, 177 Cal. 132 [169 Pac. 1040]; *Gallaher* v. *American Legion,* 154 Misc. 281 [277 N. Y. Supp. 81]; 19 Cal. Jur. p. 472; 10 C. J. S. p. 293.)

█ Respondent argues however that the suspension in this case was justified without notice or hearing because it was only a suspension pending a hearing. No authority is cited in support of this argument and we have found none. It is to be observed that the section above quoted gives no specific authority to suspend without notice pending a hearing. Instead the power is given "to suspend and/or revoke their charter, subject first to an appeal etc." It would be a novel procedure to provide an appeal from an order of suspension which was merely a step in an orderly trial. It is also to be noted that no distinction is made between the power to suspend and to revoke. The president is empowered in the same terms to do either. It would do violence to the language of the section to construe it as providing for suspension without notice or hearing as a first step in determining whether there should be a suspension or revocation after a hearing.

Having determined that the purported suspension of the charter was void for want of notice and a hearing certain other points made by respondent must be dealt with.

█ While it is the general rule that before appealing to the courts the remedies within the association must be exhausted, this is not the rule where the attempted action is void because the member or subordinate body has been denied the due process of notice and a hearing. (*Schou* v. *Sotoyome Tribe, No. 12,* 140 Cal. 254 [73 Pac. 996]; *Hampton* v. *Supreme Lodge,* 161 S. C. 540 [159 S. E. 923]; *Swaine* v. *Miller,* 72 Mo. App. 446, 484; *Hall* v. *Supreme Lodge Knights of Honor,* 24 Fed. 450; *Malmsted* v. *Minneapolis Aerie,* 111 Minn. 119 [126 N. W. 486, 137 Am. St.

Rep. 542] ; *Langnecker* v. *Trustees of Grand Lodge*, 111 Wis. 279 [87 N. W. 293, 87 Am. St. Rep. 860, 55 L. R. A. 185].)

The action was not prematurely brought. The very purpose of a suit for injunctive relief is to prevent threatened action. The fact that it developed on the hearing that a part of the feared action had been taken in the suspension of the charter without notice or hearing only strengthened the plaintiff's right to relief. "In an action for injunction the issues are to be determined on the basis of the situation as it exists at the time of the trial, not at the time of bringing the action." (*Collins* v. *Sargent*, 89 Cal. App. 107, 114 [264 Pac. 776].)

The undenied allegations of the verified complaint sufficiently show property rights of the local unions in the Central Council to justify the interposition of the courts. "Something more than mere membership in a voluntary association is embraced in this case. It involves the life of the organization known as Local 263, with its funds and property, its associations and reputation, and all the rights and privileges of its members. . . . Their right to enjoy whatever advantages membership in this union would bring them in their calling could not be taken away by the unlawful action of the general executive board. In our opinion property rights are involved and equity will assume jurisdiction to protect them." (*Barbrick* v. *Huddell*, 245 Mass. 428, 435, 436 [139 N. E. 629].)

This court will not undertake to inquire at this time whether the Central Labor Council committed any breach of its obligations to the American Federation of Labor or was guilty of any conduct which would justify the suspension or revocation of its charter after proper notice and a hearing. The very purpose of such hearing would be to determine those facts. Having determined that its charter may not legally be suspended or revoked without a hearing, it would be improper to substitute a hearing in this or the trial court for the hearing that the Ceneral Council is entitled to have within the federation to which it belongs.

It is argued that this is not a proper case for injunctive relief. Respondent cites section 526, subds. 5 and 6 of the Code of Civil Procedure and sections 3423, 3390 and 3392 of the Civil Code. We do not see the applicability of the sections. It is true that Code of Civil Pro-

cedure, section 526, subd. 5, prohibits the granting of an injunction "to prevent the breach of a contract . . . the performance of which would not be specifically enforced." But similar rights to those asserted here have more than once been specifically enforced in this state by resort to the writ of mandate. (*Otto* v. *Journeymen Tailors' Protective & Benevolent Union of San Francisco*, 75 Cal. 308 [17 Pac. 217, 7 Am. St. Rep. 156]; *Taboada* v. *Sociedad Espanola*, *supra*.)

It is the general rule that the granting or refusal to grant a temporary injunction lies in the sound discretion of the trial court. In this case however we are of the opinion that the denial of the injunction was an abuse of discretion. It appeared from the affidavit submitted by defendants themselves that the charter had been suspended without notice or a hearing. The injury to plaintiffs was clear and unmistakable and no corresponding damage to defendants from compelling them to follow the procedure required by law was apparent. Under such circumstances the injunction should have been granted. (*Isert* v. *Riecks*, 195 Cal. 569 [234 Pac. 371].)

The order denying a temporary injunction is reversed.

Nourse, P. J., and Spence, J., concurred.