[Civ. No. 4436.   Fourth Dist.   Jan. 30, 1952.]

BERNARD NYMAN et al., Respondents, v. THE DESERT CLUB (a Corporation) et al., Appellants.

Thompson & Colegate and Samuel W. Newman for Appellants.

Best, Best & Krieger, Arthur L. Littleworth and Eugene L. Wolver for Respondents.

GRIFFIN, J.—The order here involved arises out of an action brought by plaintiffs and respondents individually and as representatives of various classes of members of defendant and appellant The Desert Club, for a declaration of their rights in that club, for damages for being deprived of such claimed rights, and for injunctive relief.

A preliminary injunction was ordered, based upon the first amended complaint, the answer thereto, certain affidavits filed in connection therewith, and one exhibit.   The order from

which this appeal was taken merely restrains appellants from interfering with the full use and enjoyment of the club facilities by respondents pending the determination of the case on its merits, conditioned that respondents conduct themselves properly in the use of the club's facilities while the order is in effect. The propriety of this class action is now being tested by demurrer in the superior court. Appellants contend that the relationship between the respondent club members and the appellant club was purely contractual, and that under section 526, subdivision 5 of the Code of Civil Procedure, an injunction cannot be issued to prevent the breach of a contract; that a by-law adopted by appellant club permitted it to expel a member at any time without cause, notice or hearing. In support of this contention appellants cite *Jackson* v. *The Gables,* 113 Cal.App. 80 [297 P. 983]; and *Forest Lawn M. P. Assn.* v. *DeJarnette,* 79 Cal.App. 601 [250 P. 581].

It is respondents' position that the relationship was not simply contractual, but that the club members had a property right in the club's assets as well as a personal right to enjoy the club's facilities for the life of the club; and that they could not be expelled without cause and/or proper notice and hearing, citing such cases as *Grand Grove etc. of Druids* v. *Garibaldi Grove etc. of Druids,* 105 Cal. 219 [38 P. 947]; *Ellis* v. *American Federation of Labor,* 48 Cal.App.2d 440 [120 P.2d 79]; *Taboada* v. *Sociedad Espanola etc. Mutua.,* 191 Cal. 187 [215 P. 673, 27 A.L.R. 1508]; *Orloff* v. *Los Angeles Turf Club, Inc.,* 30 Cal.2d 110 [180 P.2d 321, 171 A.L.R. 913]; *Berrien* v. *Pollitzer,* 165 F.2d 21; and 3 Cal.Jur. p. 352, § 6.

The amended complaint is quite voluminous and alleges generally, in 19 separate counts, that appellants, The Desert Club, a corporation, and Palm Springs-La Quinta Company, a corporation, whose entire stock was ultimately owned by appellant Frank Stone, advertised the sale of certain lots owned by the corporations; that within the tract was erected a club, consisting of clubrooms, swimming pool, garden lounging facilities, tennis courts, etc., which club was operated by the appellant The Desert Club, and that such club is open only to members thereof; that certain named respondents purchased lots in the tract, predicated upon a certain brochure published by the development company inviting the general public to visit and see the property and visit The Desert Club, "the rendezvous where winter never comes," where "broad, fully improved lots are offered for sale at $695 . . . Your

membership in The Desert Club is included. . . . All improvements are in and paid for . . . including membership in the exclusive Desert Club''; that after the purchase of these lots certain of these respondent members were purportedly expelled from said club without the preferring of charges, etc.

Appellants deny generally the allegations of the complaint and allege, as justification for their acts, that a certain number of respondents were expelled under the claimed authority set up in the rules of the club adopted by the officers and stockholders, which rules provide in general for memberships designated as ''life members,'' ''pioneer members,'' and ''invitational members''; that the annual dues are $10 per year; that under such rules if a member fails to pay dues his membership may be terminated; and ''Whenever the conduct of a member is contrary to the rules set forth herein, or he has otherwise conducted himself so as to cause annoyance or embarrassment to the Club or its members, the Club may, by notice . . . prefer charges against the member. . . .'' It then provides:

''Notwithstanding any other rules herein, concerning the right of the Club to terminate membership, the Club reserves the right to terminate a membership if deemed by it to be for the best interests of the Club. And provided such membership is not terminated for cause, shall refund to that member all cost of such membership plus a pro rata portion of the dues that have been paid in advance.''

Rule X provides: ''Each and every member agrees to be bound at all times by these by-laws, any amendment thereof, and any rules and regulations hereafter established by the Club.''

Appellants deny generally that the memberships of approximately 1,700 members which respondents claim to represent, as well as most of the named respondents, have been canceled or that the members have been expelled, but claim that the memberships which were canceled and the members who were expelled were properly expelled under the rule above mentioned.

Respondents set up a copy of a certain criminal proceeding had in the federal court and allege that on January 31, 1934, by order of that court, the appellant herein, Frank Stone, was required to transfer and convey by deed to the *members* of The Desert Club, the real and personal property of the club; that pursuant to an agreement dated February 11, 1944, appellants

The Desert Club and Palm Springs-La Quinta Company, as grantors, conveyed to appellant Stone, as trustee, "for the benefit of those persons who were then or who may hereafter become members of The Desert Club, including the named plaintiffs herein," the "real and personal property herein described, which includes the club and facilities above mentioned"; that by said instrument the trustee was to keep and maintain said property as a club, to make it available to the club members in good standing for a certain prescribed period and thereafter transfer to the *members* the property mentioned; that this instrument was subsequently amended to read that the trustee was to convey the property to the appellant Palm Springs-La Quinta Company, after August 14, 1950; that this amendment was brought about by an agreement between the trustee Stone, and the members of the club, and that as consideration for their consent, appellants agreed to hold said club property thereafter, for the use and benefit of persons who were then or might thereafter become members; that appellants have, through misrepresentation and false promises, resorted to the means here employed to divest these respondent members of their rights and property thus declared by said decree and by the transaction here involved.

Appellants set up a purported judgment of the Superior Court of Riverside County, wherein that court determined, in an action for declaratory relief instituted by Palm Springs-La Quinta Company against Frank Stone, The Desert Club, and a certain number of its members, that all the parties to the trust agreement and amended agreement were bound by the terms thereof. Appellants claim that the present action is a collateral attack on these purported judgments and should therefore not be considered. We will not determine this issue.

It does appear that some claimed property right might be involved, depending upon the force and effect of these decrees, the misrepresentations claimed, and the evidence which might be produced on the hearing of the action on its merits. We will not endeavor to make a determination of these issues on this appeal from the order allowing a temporary injunction. ■ The purpose of such an injunction is to preserve the status quo until the merits of the action can be determined. (*Stewart* v. *Superior Court*, 100 Cal. 543 [35 P. 156, 563]; *Tulare Irr. Dist.* v. *Superior Court*, 197 Cal. 649 [242 P. 725].) ■ The granting or refusing of a preliminary injunction is a matter generally resting in the discretion of the trial court

and will not be reviewed upon appeal except upon a showing of abuse of discretion. (*Piper* v. *Hawley,* 179 Cal. 10 [175 P. 417] ; *Miller & Lux* v. *Madera Canal & Irr. Co.,* 155 Cal. 59 [99 P. 502, 22 L.R.A.N.S. 391] ; *Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499 [199 P.2d 400].)  Since the court was careful to condition the preliminary injunction upon the proper behavior of respondents while using the club facilities, and since it serves to protect the rights of the members, if any, until their claim of some equitable ownership in the club is determined, no abuse of discretion appears. (*Ohio Oil Co.* v. *Conway,* 279 U.S. 813 [49 S.Ct. 256, 73 L.Ed. 972] ; *Ellis* v. *American Federation of Labor,* 48 Cal.App.2d 440 [120 P.2d 79] ; *Smith* v. *Mendonsa,* 108 Cal.App.2d 540 [238 P.2d 1039].)

Order granting temporary injunction affirmed.

Barnard, P. J., and Mussell, J., concurred.