[Civ. No. 19305. Second Dist., Div. Two. Mar. 13, 1953.]

LUCILLE A. SWITAL, Appellant, v. REAL ESTATE COMMISSIONER et al., Respondents.

Larwill & Wolfe for Appellant.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Respondents.

FOX, J.— Petitioner was a duly licensed real estate broker, maintaining offices in the cities of Glendale and Los Angeles. In January, 1952, an accusation was filed by a deputy real estate commissioner charging that on or about October 17, 1951, and thereafter petitioner "did wilfully use the term 'realtor' without legal right so to do; that such illegal use consisted of maintaining a sign, advertising board and window name-plate with the word 'realtor' immediately following respondent's [petitioner's] name"; that such action was in violation of section 10177 (e), Business and Professions Code. The hearing officer made a finding in the precise language above quoted from the accusation and held that this was a violation of the cited section. The commissioner approved this decision and ordered the real estate broker's license of petitioner suspended for three days.

In her petition for a writ of mandate to review the administrative proceedings, pursuant to the provisions of section 1094.5, Code of Civil Procedure, petitioner alleged, among other grounds, that the evidence at the hearing on the accusation showed that she was a member of the Los Angeles Realty Board and that on October 14, 1951, a letter was sent to her by the secretary of said board stating that she had been dropped from membership of that board on October 1, 1951, "for using the term realtor"; that the board did not meet and by order expel petitioner; that the secretary sent such letter without authorization; that she had thus been dropped as a member of the Los Angeles Realty Board without notice or an opportunity to be heard.

Petitioner further alleged that the evidence adduced at the hearing conclusively showed she had the right to use the word "realtor" and that she did not wilfully use that word without legal right so to do. She then charged that this action of the commissioner in suspending her real estate broker's license was without and in excess of his jurisdiction, arbitrary, capricious, and an abuse of discretion.

Petitioner prayed that an alternative writ of mandate be issued commanding respondent commissioner to restore her license to act as a real estate broker without any period of suspension, or to show cause why this should not be done,

and that the court order a record of the administrative proceedings prepared and filed with the court.

Points and authorities in opposition to the petition were filed on behalf of the commissioner, pursuant to section 1107, Code of Civil Procedure. Thereupon the petition for an alternative writ was summarily denied. This was error.

Respondent contends that the term "realtor" has a technical meaning in the real estate business and only licensed real estate brokers who are members of a local board, which in turn is a member of the National Association of Real Estate Boards, or who are themselves members of the national association, are entitled to use such designation. Here petitioner alleged that she was a member of the Los Angeles board (which is concededly a member of the national association). She was therefore entitled to use the designation "realtor" under the respondent's own contention (the validity of which we do not here pass upon), so long as she maintained her local membership. Her petition charged that she was dropped from the Los Angeles board for using a designation which, by reason of such membership, she was entitled to use; that this was done summarily and without authority; and that by thus being illegally dropped from the local board she became subject to disciplinary action for using the term "realtor" which was legally her privilege.

Membership in an unincorporated professional society or trade or business association is a valuable right, and such membership may not be terminated except by adherence to the fundamental requirements of the law. (*Smith* v. *Kern County Medical Assn.*, 19 Cal.2d 263, 265 [120 P.2d 874]; *Taboada* v. *Sociedad Espanola Etc. Mutua*, 191 Cal. 187, 191 [215 P. 673, 27 A.L.R. 1508]; *Cason* v. *Glass Bottle Blowers Assn.*, 37 Cal.2d 134, 143 [231 P.2d 6].) In this state "a member of an unincorporated association may not be suspended or expelled . . . without charges, notice and a hearing, even though the rules of the association make no provision therefor." (Citing cases.) (*Ellis* v. *American Federation of Labor*, 48 Cal.App.2d 440, 443-444 [120 P.2d 79].) In the instant case, by virtue of her membership in the Los Angeles Real Estate Board, petitioner was entitled to describe herself as a "realtor." According to her petition she received a letter on October 14, 1951, from the Los Angeles Real Estate Board purporting to advise her that she had been dropped from membership in said board on October 1, 1951. However, her petition further alleges that this attempted expulsion was

effectuated without any notice to petitioner and with no hearing or other proceeding before the said board wherein petitioner could defend or protect her rights. An expulsion from an association under such circumstances, which flout the requirements of substantial justice, is void and cannot operate to divest petitioner of her status as a member of the Los Angeles Realty Board. (*Taboada* v. *Sociedad Espanola Etc. Mutua, supra*; *Ellis* v. *American Federation of Labor, supra*; *Cason* v. *Glass Bottle Blowers Assn., supra.*)

Respondent contends that (1) petitioner alleged no facts showing that such notice and hearing was required by the constitution or by-laws of the Los Angeles Realty Board; and (2) petitioner failed to allege that she had exhausted her administrative remedies prior to the filing of her petition for a writ of mandate. These arguments are completely untenable. The requirements of notice, hearing and a fair trial antecedent to expulsion are so fundamental that they are imposed upon an association such as here under discussion even though its own constitution, charter, or rules fail to make such provision. (*Carson* v. *Glass Bottle Blowers Assn., supra*; *Taboada* v. *Sociedad Espanola Etc. Mutua, supra*; *Von Arx* v. *San Francisco G. Verein*, 113 Cal. 377, 379 [45 P. 685].) While members expelled from associations are required, under the general rule, to exhaust the internal remedies provided by the association before appealing to the courts, "this is not the rule where the attempted action is void because the member . . . has been denied the due process of notice and a hearing." (Citing cases.) (*Ellis* v. *American Federation of Labor, supra*, p. 444.)

Applying these principles, it is clear from the allegations of her petition that petitioner made a prima facie showing that her alleged expulsion from the Los Angeles Realty Board was invalid and did not have the legal effect of depriving her of the right to use the designation "realtor." Petitioner was entitled to have the administrative record certified and reviewed by the trial court.

The order is reversed with directions to issue an alternative writ as prayed.

Moore, P. J., and McComb, J., concurred.