[Civ. No. 5254.    Fourth Dist.    Feb. 8, 1956.]

RALPH E. HARTSIF, Respondent, v. KATHERINE
S. WANN, Appellant.

Hyer & Graeber for Appellant.

Ralph E. Hartsif, in pro. per., for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action
against defendant alleging that plaintiff was possessed of a
certain mining claim and defendant owned a certain quarter
section of land contiguous to it; that a certain road to plain-
tiff's mine traversed defendant's property and was used by
the general public, including plaintiff, for more than 35 years :
and that defendant constructed a fence across it to the detri-
ment of plaintiff.    An injunction is sought, and a temporary
restraining order was issued on March 25, 1955, restraining
defendant from interfering with plaintiff's access to his mining
property over said road.

Defendant answered and by way of cross-complaint seeks
to quiet her title as against plaintiff to her real property.

After a hearing on the temporary restraining order and an order to show cause for contempt, the court, on May 2, 1955, issued a preliminary injunction, fixed bond at $200, and ordered the contempt proceedings off calendar. Later, after a hearing on the contempt order, defendant was found guilty of contempt and allowed one week in which to purge herself. The case is now at issue and untried. She appeals from the order granting a preliminary injunction which, during the pendency of the action, enjoined and restrained her from "obstructing or interfering with the use by the general public" including plaintiff, of the road in question.

At the hearing plaintiff filed about eight affidavits alleging use of the disputed right-of-way in excess of the statutory period and that it was the only access to a spring of water on the mining claim. Defendant, by affidavits, alleged that there was another road to plaintiff's mining claim, across other property of an adjoining owner; that no roads were in evidence across defendant's property when she purchased it in 1945; that the road in question was bulldozed in 1952 by plaintiff; and that the alleged roadway was obstructed by a fence erected across it by the defendant prior to the filing of this action. She argues that no injunction should issue to prevent an act already completed, to wit, erection of the fence, citing *Snelling* v. *Civil Service Board*, 90 Cal.App.2d 865 [204 P.2d 358]. She also claims that if the injunction could be construed to be mandatory, there is no sufficient showing authorizing its issuance, citing *Gardner* v. *Stroever*, 81 Cal. 148, 150 [22 P. 483, 6 L.R.A. 90]; and that since there is another means of access there is no sufficient showing of irreparable injury.

Plaintiff, appearing in propria persona, merely argues that the affidavits filed by defendant are "unproved," and claims that there is sufficient authority authorizing the issuance of the preliminary injunction, without citing any cases.

Matters controllable by preliminary injunction are sufficiently discussed in 14 California Jurisprudence page 188, section 12. It has been held that such an injunction may lie to protect the enjoyment of an easement, or against the obstruction of it (*Danielson* v. *Sykes,* 157 Cal. 686 [109 P. 87, 28 L.R.A.N.S. 1024]; *Vestal* v. *Young,* 147 Cal. 715 [82 P. 381]) or for the abatement of the nuisance constituted by such obstruction. (*Hardin* v. *Sin Claire,* 115 Cal. 460 [47 P. 363]; 9 Cal.Jur. p. 962, § 14; Civ. Code, § 809.)

The general purpose of such an injunction is to preserve the status quo until the merits of the action can be determined. If plaintiff had such easement rights for the period claimed, the purpose of the injunction was to preserve those rights, without obstruction by defendant, pending the hearing on the merits. The granting or refusing of a preliminary injunction generally rests in the trial court's discretion and will not be disturbed on appeal except on a showing of an abuse of discretion. (*Nyman* v. *Desert Club*, 109 Cal.App.2d 63 [240 P.2d 37].) No abuse of discretion here appears.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.