[Civ. No. 1749.  Second Appellate District.  July 13, 1915.]

## H. C. HULLINGER, Respondent, v. THE BIG SESPE OIL COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—DELIVERY OF LEASE OF OIL LANDS—ITEMS OF DAMAGE—UNCERTAIN AND INDEFINITE FINDINGS.—In this action to recover damages because of the failure of the defendant to deliver to the plaintiff a lease supported by fee title to certain oil lands together with an oil well assumed to be located thereon, and because of alleged breach of other covenants made in connection therewith,

it is held that the findings as to the different items of alleged damage are too uncertain and indefinite to support the judgment, except as to the item as to the amount of plaintiff's damage on account of the non-delivery of oil by defendant called for by the agreement.

ID.—MINING LAW—TITLE UNDER LOCATION.—Title to mining land by location and possession is good as against every person contending against it except the government of the United States.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, and W. T. Craig, for Appellant.

Edwin A. Meserve, and Hanson, Hackler & Heath, for Respondent.

JAMES, J.—A judgment for damages was entered in this case in favor of the plaintiff, which the defendant has appealed from. A motion for a new trial was denied and an appeal also was taken by the defendant from the order.

As expressed in the amended complaint, the action was brought to recover damages because of the failure of the defendant to deliver to the plaintiff a lease supported by fee title covering certain oil lands in the county of Ventura, together with an oil well assumed to be located thereon, and because of alleged breach of other covenants made in connection therewith. Plaintiff alleged that in August, 1909, the defendant represented that it was the owner in fee simple of the real estate intended to be leased, and represented that there was located thereon a certain oil well which was capable of producing at least fifty barrels of crude petroleum per day, and that there was also located adjacent thereto, which would be available for plaintiff's use, a standard drilling rig, boiler, and engine in good condition, with a complete outfit of drilling tools and a large footage of casing. He alleged further that he had paid on account of the rental reserved to the defendant the sum of two thousand dollars. He alleged that the rig, boiler, engine, and drilling tools were not in good condition, and that by reason thereof he was damaged in the sum of seven hundred and fifty dollars; that the defendant had refused to deliver a lease to one hundred and sixty acres of

proven oil land of which the defendant was vested with a fee
simple title, and that by reason of that default he had suffered
damage in the amount of ten thousand dollars.    He alleged
that by reason of defendant's failure to deliver a lease as
described above to oil lands on which was located an oil well
producing not less than fifty barrels of oil per day, he had
suffered damage in the amount of twenty-five thousand dol-
lars.    Further allegation was made that defendant had agreed,
in view of the fact that plaintiff had contracted for the sale
of ten thousand barrels of oil, that in the event such oil could
not be produced from the property within six months, to
furnish such oil for plaintiff's use, which was to be returned
to defendant from the product to be obtained from the
ground.    A breach of this agreement was also charged by
the complaint, on account of which it was alleged that plain-
tiff had suffered damage in the sum of nine thousand six hun-
dred dollars.    It appeared by the evidence that plaintiff had
received from defendant a lease covering the ground in ques-
tion, and that he had appropriated this lease, made assign-
ment of it as collateral to a bank, and that at the time of the
trial the bank still held the same, it having been placed of
record in the recorder's office of Ventura County.    The evi-
dence further showed that the title of the defendant to the
land in question was one supported by mineral location and
that defendant was in possession of the ground.    It was ad-
mitted by the answer that this was the only title held by the
defendant and it was denied that there had been any mis-
representation in that regard.    However, the lease which was
delivered and received by the plaintiff recited that the prop-
erty was held in fee simple title by the defendant, which was
corroborative of the claim of plaintiff as to the representa-
tions made.    Under the terms of the lease there was imposed
upon the plaintiff the obligation to proceed to drill oil wells
on the property and to pay royalties to the defendant on the
oil taken therefrom.    The evidence was sufficient to show
the failure of the defendant to perform its agreement as the
same was represented in the complaint of plaintiff to have
been made.    In the complaint it was alleged, as before noted,
that two thousand dollars had been paid as a part of the
consideration for the lease, and in conclusion the prayer of
the complaint was for a total of fifty-nine thousand eight
hundred and fifty dollars damages.    The trial judge made

findings of matters of fact which are peculiarly uncertain in their statement of the items of damage. The findings were definite as to the damage of the plaintiff for nondelivery of oil, being the sum of three thousand dollars. The amount which the plaintiff paid on account of the consideration for the lease is specifically set forth as two thousand dollars. A finding then follows, that the drilling rig was not in good condition, and several items of insufficiency in that regard are set forth, but no figures are given at all to show whether the court intended to charge any damage on this account, unless it can be inferred from the fact that as the deficiencies of the rig are pointed out that something was computed therefrom as money compensation and included in the judgment This finding, however, is totally insufficient to sustain any judgment for any part of such damage. As to the failure of the defendant to deliver a lease of land under fee simple title, the court makes the following very singular finding: "I find that the plaintiff agreed to pay $15,000 for the estate in said land agreed to be transferred to him by the defendant, plus certain royalties of oil. . . . I further find that if defendant's above stated representations had been true that said land would have been worth the sum and amount of $40,000.00. But I find that the plaintiff suffered no damage on account of defendant's failure to convey and transfer to him the said agreed and represented estate in said land." It is then recited that the court finds a total damage in favor of plaintiff in the sum of five thousand two hundred dollars. Just how this damage is made up is left to speculation and conjecture altogether, except that it may be assumed that the sum of three thousand dollars was allowed on account of the nondelivery of the oil. As a matter of probability, by tedious analysis of the findings, we might conclude that it is probable that the court made up the total damages of five thousand two hundred dollars by allowing three thousand dollars for failure to deliver the oil, two thousand dollars on account of money paid as part consideration for the lease, and the balance on account of deficiency of the drilling rig. As we have pointed out, the finding as to the drilling rig not being in good repair is insufficient upon which to predicate any allowance for damages at all, because by no term of that finding is the amount stated which would be necessary to put the rig in such repair as the representations alleged described

it to be. If the amount of two thousand dollars was allowed for the purpose of securing to the plaintiff a return of the money paid as part consideration for the lease, then that allowance, under the case as made by the pleadings, was unauthorized. This was not an action of rescission, and that it bears any such character is altogether disclaimed on the part of the plaintiff's counsel; in fact, the complaint on its face proposes no such issue. On this point appellant advances the contention that the two thousand dollars paid on account of the lease contract could not be recovered without rescission, which would make necessary as a prerequisite a tendering back by the plaintiff to the defendant of everything of value which the plaintiff had obtained. It is nowhere alleged in the complaint that the lease which the plaintiff obtained was without value. However, plaintiff's counsel contend that such was the fact and that the evidence shows it; in which event plaintiff would be entitled to recover the two thousand dollars paid as a part of his general damages. We do not so view the case, either as outlined by the allegations of the complaint, or shown by the evidence. The evidence shows that the plaintiff did receive a lease granting to him whatever rights, possessory or otherwise, which the defendant held in the property. It matters not that, as was the fact, defendant sought to recall its lease and put an end to the transaction, because the plaintiff refused to acquiesce in this action, but held the lease and chose to stand solely upon his rights to recover damages because of the alleged fraud and failure of the defendant to fulfill it obligations. The argument of the plaintiff that the title of the defendant under mining location merely, without discovery of minerals, was totally invalid and of no effect, is true only in a qualified sense. This title by such location and possession was good as against every person contending against it, except the paramount owner, to wit: the government of the United States. Had the plaintiff, being vested with whatever right the defendant held as to the land, gone upon it and proceeded to prosecute work with the view to making a discovery of oil, his possession could not have been disturbed by strangers, and it nowhere appears that any such strangers at any time intruded upon the ground. (*Borgwardt* v. *McKittrick Oil Co.*, 164 Cal. 650, [130 Pac. 417].) It cannot be said that the rights which the defendant purported to clothe the plaintiff with were of no value at all.

If they were of value, then in order to recover back any part of the consideration paid, it would be incumbent upon the plaintiff to restore to the defendant such title or right as he had received, by making a return of the lease or delivering a relinquishment thereof as the same had been recorded. The findings in this case do not support the judgment. They are too indefinite except as to the amount of three thousand dollars found as plaintiff's damage on account of the non-delivery of the oil, to afford any certain determination of facts which will be sufficient. For this reason alone the judgment cannot be sustained.

It may be remarked that this case has been pending a long time, but an examination of the record will show that this delay has been due largely to the act of the parties, rather than to the courts. The case was tried in November, 1911, and the notice of appeal from the order denying a new trial was given in April, 1913. The transcript was filed in the supreme court on May 17, 1913; appellant's opening brief was filed on June 16, 1913, and respondent's points and authorities on January 5, 1914.

For the reasons given, the judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 12, 1915.