[Civ. No. 8926.   Third Dist.   Feb. 28, 1957.]

FRED WESTBROOK et al., Respondents, v. SOCIAL CENTER HALL ASSOCIATION OF STOCKTON (a Corporation) et al., Appellants.

Firth & Kohler and John W. Firth for Appellants.

Forslund & Wilson and Douglas E. Wilson for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment ordering dissolution of the Social Center Hall Association of Stockton, a nonprofit corporation, which was organized by elderly people for social purposes and to conduct educational activities in promoting the Townsend Plan.

Memberships were for life, the initiation fee being one dollar and no dues were thereafter payable. Under the by-laws the board of directors was empowered, "To pass upon and to refuse membership to any individual when it may be deemed necessary for the good and welfare of the corporation." Purporting to act under this by-law, the board, without hearing, or charges, or notice, declared the termination of 42 memberships following internal dissension in the group, whereupon respondents brought this action for involuntary dissolution of the corporation. Respondents alleged that they had been members of the organization for a period of not less than six months and constituted more than one-third of the total membership, as required by section 4650 of the Corporations Code, which provides:

"A complaint for involuntary winding up or dissolution of a corporation . . . may be filed . . . by:

. . . . . . . . . . . . .

"(b) A shareholder or shareholders who have been record holders for a period of not less than six months and who hold not less than 33⅓ percent of the number of outstanding shares."

The sole question presented on this appeal is whether or not the 88 plaintiffs in this case constituted more than one-third of the total membership of 245 and therefore whether or not the court had jurisdiction of the dissolution proceeding. The trial court found that they did and further found that the board's purported termination of 37 plaintiff memberships was null and void. Appellant attacks this latter finding on the ground that the cancellation of such memberships could not be set aside in this action. The contention is untenable. The basic issue which the trial court had to determine was the validity or invalidity of the alleged memberships of the plaintiffs. (*Abalian* v. *Townsend Social Center,* 112 Cal.App. 2d 441, 446-447 [246 P.2d 965].) Germane to that basic issue was the validity of the purported termination of 37 plaintiff memberships which the court found to be "for life" and not subject to cancellation in the manner attempted by the board of directors. The finding must be upheld. ■ Membership in a nonprofit corporation may be terminated in the manner provided in the articles or by-laws. Otherwise, it ceases upon the death of the member. (Corp. Code, § 9608.) ■ Appellant's by-laws expressly empowered the board to "pass upon" and "refuse" membership, but there cannot be implied therefrom authority of the board

to terminate a membership once acquired. Whether or not the by-laws could have vested the board with such power is immaterial. The fact is that they did not do so. Therefore, the board's attempt to make such terminations was a nullity and of no force or effect. ██ Consequently, the trial court correctly held that the 37 members whose memberships had been declared cancelled were proper party plaintiffs and that the 88 plaintiffs constituted more than one-third of the total of 245 members. It may be noted that the 245 members included 68 members who had become such during the six months immediately preceding the commencement of this action. However, the 68 members were not among the 88 plaintiffs. Consequently, it need not be here decided whether or not the 68 newest members were properly counted in computing the total membership. The 88 plaintiffs, who had been members for more than six months, constituted more than one-third of the total membership whether the total membership be considered to have been 177 or 245. Therefore, the conditions of section 4650 of the Corporations Code were satisfied.

The judgment is affirmed.

Peek, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.